FILED
2014 Jan-15 PM 12:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

BRANDON TERRELL PEEBLES, )
)
Petitioner, )
)
v. ) CV: 13-cv-08056-IPJ
) CR: 10-cr-00144-IPJ-HGD-1
)
UNITED STATES OF AMERICA, )
)
Respondent. )

**MEMORANDUM OPINION**

Petitioner Brandon Terrell Peebles moves the court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 1). Peebles entered a "blind" guilty plea, and the court entered judgment against him on March 2, 2011 (crim. doc. 16). Peebles pleaded guilty to one count of Carjacking in violation of 18 U.S.C. § 2119 (Count One), and one count of Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). *Id.* The court sentenced Peebles to a term of sixty months on Count One and a consecutive term of eighty-four months on Count Two. *Id.* Peebles did not appeal the court's judgment.

Peebles filed the instant 2255 motion on December 16, 2013 (doc. 1).[1] The court ordered the United States to show cause as to why Petitioner should be denied relief (doc. 2). The United States filed its response in opposition to Petitioner's motion on January 8, 2014 (doc. 3). Peebles remains in federal custody. For the reasons discussed below, the court finds Peebles's motion is due to be denied.

## STATEMENT OF FACTS

Peebles's plea and sentencing hearing transcripts provide the relevant factual background for his 2255 petition. At the plea hearing, the court asked Peebles to recount the facts of the day of the carjacking:

> THE COURT: Mr. Peebles, just tell me what you did that day on August the 28th, 2009, in Tuscaloosa.
>
> THE DEFENDANT: Oh. I took a motor vehicle –
>
> THE COURT: From whom?
>
> THE DEFENDANT: Angela Gregg.

---

[1] On July 22, 2013, Peebles filed a letter asking the court to reduce his sentence based on the Supreme Court's ruling in *Alleyne* (crim. doc. 17). The court did not consider Peebles's letter a 2255 motion. In light of Peebles's current 2255 motion, the court finds the previously filed letter to be moot. Nonetheless, had the court taken Peebles's letter as a 2255 motion, that motion would have been untimely as well. Peebles's judgment became final March 16, 2011, fourteen days after judgment was entered. Under AEDPA, Peebles had one year to file his motion. Peebles filed his letter on July 22, 2013, approximately four months after the statute of limitations on his 2255 motion expired.

THE COURT: Okay. And did you threaten her?

THE DEFENDANT: Yes, ma'am.

THE COURT: With a gun?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And what was your intent?

. . . .

[DEFENSE COUNSEL]: Did you want to get some money from her?

THE DEFENDANT: Well, I wasn't on my medication at the moment the crime happened. And I had been on drugs and just wanted money.

Plea Hearing Transcript pp. 18–19 (doc. 3-1).

At the plea hearing, the court also ordered the government to state what they would expect to prove should the case go to trial. *Id.* at 19.The government stated that it would show that Peebles approached the victim's car asking to borrow her cell phone, and as Peebles's co-defendant pulled into the parking lot, Peebles entered the passenger side of the victim's car. *Id.* at 20. Next, Peebles "pulled a small chrome-colored semi-automatic pistol from his pants pocket, pressed it against Ms. Gregg's side, and told her to drive." *Id.* Peebles directed the victim to follow his co-defendant's car to a gas station, where they stopped while the co-defendant pumped gas. *Id.* at 20–21. When they left the gas station, Peebles

removed his gun from the victim's ribcage and placed it and the victim's cell phone in his lap. *Id.* at 21. Peebles then instructed the victim to proceed to the interstate toward Meridian, Mississippi. *Id.*

Peebles directed the victim to stop at another gas station in Fosters, Alabama. *Id.* At that gas station, Peebles forced the victim into the back seat and drove the two to a secluded area on a dirt road where they met with Peebles's co-defendants. *Id.* at 22. Peebles then considered putting the victim in the trunk of his co-defendant's car, but the co-defendant convinced Peebles not to do so. *Id.* at 23. Peebles then drove the victim to another secluded dirt road near Mount Zion church, where he proceeded to take the victim's wallet, cash, a watch, and the radio speakers from the victim's car. *Id.* at 22–23. Peebles eventually released the victim. *Id.* At the plea hearing, Peebles admitted that the government's recitation of the facts was correct:

> THE COURT: Okay. Mr. Peebles, not with respect to what happened to Mr. Jarrells, but basically is that what you did, what Mr. Simpson read into the record? Is that what you did on August the 28th?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Okay. And you put the gun unto her side?
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at 26.

Moreover, although the indictment did not specifically charge brandishing a gun, the court did reference this aspect of Peebles's conviction during the plea hearing:

> THE COURT: . . . . Now, is the Government maintaining that this gun was brandished?
>
> [THE GOVERNMENT]: Yes, Your Honor. It was brandished.
>
> THE COURT: . . . . The minimum sentence would be not less than seven years. Not more than life.
>
> And that is a consecutive sentence that would run consecutive to the other sentence or any other sentence that might be imposed. . . .
>
> Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

Plea Hearing Transcript p. 11 (doc. 3-1).

Moreover, Peebles admitted that he was entering the plea knowingly and voluntarily:

> THE COURT: Do you wish to enter a plea of guilty because you are guilty?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. And did you sign this document voluntarily?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have any questions about any of your rights?

THE DEFENDANT: No, ma'am.

THE COURT: Did you read them before you – read it before you signed it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Go through it with your lawyer?

THE DEFENDANT: Yes, ma'am.

Plea Hearing Transcript p. 17 (doc. 3-1). Peebles also made no objections to the presentence report. Sentencing Hearing Transcript p. 2 (doc. 3-2).

## LEGAL ANALYSIS

Peebles now moves the court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based on the Supreme Court's recent ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The court, however, finds that Peebles's motion is due to be denied for the reasons discussed below.

### I. Peebles's *Alleyne* Claim Is Procedurally Defaulted

To avoid procedurally defaulting on a claim, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal." *McKay v. U.S.*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Lynn v. U.S.*, 365 F.3d 1225, 1234 (11th Cir. 2004)). If a defendant fails to present an available challenge on direct appeal, he "is barred from presenting that claim in a § 2255 proceeding." *Id.* A defendant's procedural default may be excused "(1) for

cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *Id.* Peebles failed to present his *Alleyne* claim on direct appeal and the claim is, therefore, procedurally defaulted. Moreover, because Peebles can establish neither cause and prejudice for defaulting nor actual innocence, he cannot escape the procedural default bar.

The cause and prejudice exception requires a showing of cause for failing to raise the claim and actual prejudice resulting from such failure. To establish cause, the defendant "must show that some objective factor external to the defense prevented [the movant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." *Lynn v. U.S.*, 365 F.3d 1225, 1235 (11th Cir. 2004). While ineffective assistance of counsel may establish cause excusing procedural default, "the claim of ineffective assistance must have merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). A defendant suffers ineffective assistance of counsel where (1) counsel's performance was so deficient as to fall below the objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984). Counsel's performance is judged according to "reasonableness under prevailing professional norms", *Strickland*, 466 U.S. at 688, and the defendant must establish that "no

competent counsel would have taken the action that his counsel did take." *Chandler v. U.S.*, 218 F.3d 1305, 1315 (11th Cir. 2000).

Yet "an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel." *Geter v. U.S.*, 534 Fed. Appx. 831, 836 (11th Cir. 2013) (citations omitted). Moreover, "it generally does not fall below the objective standard of reasonableness for trial counsel to fail to raise a claim in anticipation that undeniably would lose under current law but might succeed based on the outcome of a forthcoming Supreme Court decision." *Dell v. U.S.*, 710 F.3d 1267, 1282 (11th Cir. 2013). Further, that a defendant perceived a certain argument to be futile "cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citation and quotation omitted).

To establish actual innocence for procedural default purposes, a defendant must show that he "is actually innocent of either the crime of conviction or, in the capital sentencing context, of the sentence itself." *McKay v. U.S.*, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004)). Peebles received no capital sentence, and neither the Supreme Court nor the Eleventh Circuit has extended the actual innocence of sentence exception beyond the capital context. *Id.* at 1197. Thus, Peebles may only argue actual innocence of the crime

of conviction. To establish actual innocence of the crime of conviction, a defendant "'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." *McKay*, 657 F.3d at 1197 (11th Cir. 2011) (quoting *Schlup v. Delo*, 513 U.S. 298, 327) (1995). Yet actual innocence requires more than a showing of legal innocence. Rather, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998).

Peebles has given no cause, other than contrary precedent, for why he failed to raise the *Alleyne* issue on direct appeal. Peebles argues that "to the extent that this Court or the Government would fault him for failing to raise the Alleyne claim during the earlier proceedings, that this error is actually attributable to Counsel, the Court, and the Government, because they were the ones responsible for assuring the correct process, and informing him of his rights." Legal Memorandum in Support of Request for Relief Under 28 USC § 2255 p. 21 (doc. 1). Yet as the Eleventh Circuit has noted, an attorney's failure to anticipate a change in law does not constitute ineffective assistance of counsel or, in turn, cause for failing to pursue a claim on direct appeal. Without showing that his attorney's performance was deficient, Peebles cannot establish that ineffective assistance of counsel was

the cause for his procedural default.[2]

Similarly, Peebles fails to establish that the actual innocence exception saves his claim from procedural default. Peebles he has adduced no evidence of factual innocence. Rather, Peebles claims that the Supreme Court's "new interpretation of § 924(c) renders him actually innocent of the 'brandishing' crime. . . ." Legal Memorandum in Support of Request for Relief Under 28 USC § 2255 p. 21 (doc. 1). This, however, is an attempt to establish legal innocence based on a new construction of law, and such a showing is insufficient to establish actual innocence for procedural default purposes. Because Peebles can establish neither cause for failing to assert the *Alleyne* claim on direct appeal nor factual innocence of the crime of conviction, his claim is procedurally barred and his motion is, therefore, due to be denied.

## II. *Alleyne* Provides Peebles No Relief

Even were the court to conclude that Peebles's claim is not procedurally defaulted, *Alleyne* still provides Peebles no relief. First, although the Eleventh Circuit has not decided the issue, other courts have determined that *Alleyne* does

---

[2] Because the cause and prejudice exception is written in the conjunctive, a defendant must establish both prongs to overcome the procedural default bar. Thus, because Peebles cannot establish cause for failing to assert his *Alleyne* claim on direct appeal, the court need not address the prejudice prong. *See Holladay v. Haley*, 209 F.3d 1243, 1256 (11th Cir. 2000).

not apply retroactively to cases on collateral review. As the court noted in *Kellogg v. U.S.*, 2013 WL 6065331 at *5 (N.D. Ala. 2013), the Supreme Court, in *Alleyne*, extended its holding in *Apprendi*. Thus, because the Court has not made *Apprendi* retroactively applicable to cases on collateral review, it is unlikely that the Court would extend *Alleyne*'s holding to cases on collateral review. *Kellogg*, 2013 WL 6065331 at *6 (citing cases concluding that *Alleyne* is not retroactively applicable to cases on collateral review). Thus, because Peebles presents this claim for the first time in his § 2255 motion, *Alleyne* would not apply retroactively to his case.

Second, assuming *arguendo* that *Alleyne* does apply retroactively to cases on collateral review, *Alleyne* is still distinguishable from Peebles's case. In *Alleyne*, the Supreme Court determined that where a "fact is an element of a distinct and aggravated crime", it must "be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2163 (2013). In that case, which also dealt with the seven year enhancement for brandishing a weapon, the Court specifically held that "[b]ecause the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt." *Id.* at 2164. Yet the Eleventh Circuit has clarified that "[i]n the context of a guilty plea, such an element may be established when the defendant admits the facts in question." *United States v. Oliver*, 2013

WL 6037182 at *2 (11th Cir. 2013) (citing *United States v. Booker*, 543 U.S. 220, 244 (2005)). Moreover, the Eleventh Circuit has made clear that "a sentencing court's findings of fact may be based on undisputed statements in the [Presentence Investigation Report]." *United States v. Lopez-Garcia*, 565 F.3d 1306, 1323 (11th Cir. 2009) (quotation marks and citations omitted).

Although Peebles's indictment did not specifically reference brandishing, Peebles admitted the fact that he brandished a gun and he made no objections to the findings of facts in the presentence report. Peebles admitted to the court that he threatened the victim with a gun. Plea Hearing Transcript pp. 18–19 (doc. 3-1). Moreover, Peebles agreed with the government's statement that Peebles "pulled a small chrome-colored semi-automatic pistol from his pants pocket, pressed it against Ms. Gregg's side, and told her to drive." *Id.* at 20, 26. After the government recited its account of the carjacking, the court again asked Peebles whether he put the gun into the victim's side, and he responded that he did. *Id.* at 26. Additionally, the court specifically asked the government at the plea hearing whether they were maintaining that Peebles had brandished the gun. *Id.* at 11. After the government responded that they were, the court informed Peebles that "[t]he minimum sentence would be not less than seven years" and that it would be "a consecutive sentence that would run consecutive to the other sentence or any

other sentence that might be imposed." *Id*. Peebles represented that he understood the possible sentence. *Id.* Further, Peebles made no objections to the presentence report. Sentencing Hearing Transcript p. 2 (doc. 3-2).

Because Peebles repeatedly admitted that he brandished a gun during the carjacking, *Alleyne* provides him no relief. Peebles established the brandishing element himself when he openly admitted that he threatened the carjacking victim with a gun and forced the gun into her ribcage. Further, Peebles represented to the court that he understood that the government was maintaining that the weapon was brandished, which would impose a minimum sentence of seven years to be served consecutive to any other sentences imposed. In his § 2255 motion, Peebles asserts that he "was never found guilty by a jury or the Court under the required 'beyond a reasonable doubt' standard, nor did he ever admit to 'brandishing' a firearm." Motion to Vacate, Set Aside, or Correct Sentence p. 15 (doc. 1). The court cannot imagine what definition of "brandishing" Peebles has in mind. Nonetheless, the plea and sentencing transcripts establish that Peebles did in fact openly and explicitly admit to brandishing a gun during the carjacking. Accordingly, were *Alleyne* to apply retroactively to cases on collateral review, Peebles's claim would still be meritless.

## III. Peebles's § 2255 Petition Is Untimely and Does not Warrant Equitable Tolling

### A. Peebles's § 2255 Petition is Untimely

In addition to being procedurally barred, Peebles's § 2255 motion is time-barred and does not warrant equitable tolling. Under § 2255(f), a prisoner seeking relief has a one-year period of limitation in which to file his motion. 28 U.S.C. § 2255(f). That limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at 2255(f)(1)-(4). Peebles does not argue that the government prevented him from making a § 2255 motion nor can he establish that he has new facts to support his claim. Peebles argues that the facts supporting his claim were not available

until the Supreme Court's decision in *Alleyne* (doc. 1 p. 14). However, despite citing this new rule of constitutional law, Peebles alleges no new facts or evidence. And, because *Alleyne* does not apply to Peebles's case, *see supra* Part II, the statute of limitations on Peebles's § 2255 claim began to run on the date on which his judgment became final.

Generally, if a defendant does not appeal his conviction, "the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. U.S.*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under Federal Rule of Appellate Procedure 4(b), Peebles had fourteen days to appeal his conviction. FED. R. APP. P. 4(b)(1)(A)(i). This court entered judgment against Peebles on March 2, 2011.[3] Judgment (doc. 16). Because Peebles did not appeal his conviction, his judgment became final on Wednesday, March 16, 2011, fourteen days after judgment was entered. Accordingly, Peebles had one year, or until March 16, 2012, to file his 2255 motion. Peebles filed the instant petition on December 16, 2013, approximately one year and nine months after the limitations period ended. Accordingly, Peebles's petition is untimely and due to be denied.

---

[3] Although the judgment order was signed on February 25, 2011, judgment was not entered on the docket until March 2, 2011. "The time for filing a notice of appeal begins to run not on the date the judgment is filed but on the date the judgment is actually entered on the docket." *Jones v. Gann*, 703 F.2d 513, 514 (11th Cir. 1983). *See also* FED. R. APP. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.").

**B. Peebles's Claim Does not Warrant Equitable Tolling**

Moreover, the doctrine of equitable tolling cannot save Peebles's petition from being untimely. A court may equitably toll the statute of limitations on a petitioner's claim "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) (quoting *Holland v. Florida*, 130 S. Ct. 2459, 2562 (2010)). A petitioner must make a showing of "reasonable diligence, not maximum feasible diligence." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (quotation marks and citations omitted). However, a change in law does not generally constitute an extraordinary circumstance for equitable tolling purposes. For instance, in *Williams v. U.S.*, 491 F.3d 1282, 1285 (11th Cir. 2007), the Eleventh Circuit noted that in a prior decision it had rejected the idea that "a mere change of law would constitute extraordinary circumstances. . . ." *Williams*, 491 F.3d at 1285 (citing *Outler v. U.S.*, 485 F.3d 1273 (11th Cir. 2007)). Moreover, "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citations omitted).

Peebles claims that equitable tolling applies to his claim because "it was not raisable until the Supreme Court overruled Harris. . . ." (doc. 1 p. 14). Yet, this

claim is meritless given that a change in law does not constitute an extraordinary circumstance warranting equitable tolling. Additionally, Peebles has failed to establish that he pursued his federal rights with even reasonable diligence. Peebles in no way appealed his sentence. Moreover, he made no objections to the presentence report during his sentencing hearing. Additionally, at the plea hearing, Peebles made no objections when asked if he understood that the government was maintaining that he brandished a gun during the carjacking. Plea Hearing Transcript p. 11 (doc. 3-1). Nor did Peebles object when the court informed him that this would result in a minimum sentence of seven years to run consecutive to any other sentence imposed. *Id.* Peebles makes his first and only mention of the unconstitutionality of his brandishing enhancement in the instant 2255 petition. Thus, because Peebles has made no showing that extraordinary circumstances prevented him from filing his motion on time or that he pursued his federal rights diligently, Peebles's case is not of the rare sort warranting the extraordinary remedy of equitable tolling. Because Peebles's sole claim for equitable tolling is that the Supreme Court's prior caselaw prevented him from filing a timely 2255 motion, his petition is subject to 2255(f)'s statute of limitations, is untimely, and is due to be denied.

## IV. Peebles Entered the Plea Agreement Knowingly and Voluntarily

Peebles also argues that "the guilty plea and attached appeal waivers were entered unknowingly, involuntary, and unintelligently due to counsel's ineffective assistance, and are therefore unenforceable." Motion p. 18 (doc. 1). The court first notes that Peebles entered a blind plea and, thus, there was no written plea agreement or attached appeal waiver. To establish an ineffective assistance of counsel claim, a defendant must show that the lawyer's performance was so objectively unreasonable as to be deficient and that the deficiency prejudiced the client. *Strickland*, 466 U.S. 668 (1984). The test for deficient performance by counsel is an objective one. *Id.* at 688. Moreover, "judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id.* at 689. In the case of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Additionally, "representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn

declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Peebles's claim fails for two reasons. First, Peebles cannot establish that his attorney performed deficiently in not anticipating a change in law. Indeed, "[i]t is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel." *Geter*, 534 Fed. Appx. at 836 (11th Cir. 2013) (citations omitted). Second, Peebles cannot establish that he would not have entered the plea of guilty but for any alleged deficiency by his attorney. Peebles made no objections to the presentence report, the government's recitation of facts at the plea hearing, or the government's statement that it was maintaining that the gun had been brandished. Thus, despite Peebles's argument that his attorney should have been gifted with the remarkable ability to anticipate the Supreme Court's complete reversal of its prior decision, the plea and sentencing hearing transcripts establish that there is no reasonable probability that Peebles would not have pleaded guilty to the crime of brandishing the gun during the carjacking. The court reiterates that it explained to Peebles that the government's insistence that he brandished a gun would result in a minimum sentence not less than seven years to run consecutive to any other sentence imposed. Plea Hearing Transcript p. 11 (doc. 3-1). The court then asked Peebles if

he understood this aspect of his plea, and he said yes. *Id.* Peebles admitted to the court that he had time to review the certification of rights form with his lawyer and that he was entering the plea voluntarily. *Id.* at 17. Accordingly, Peebles cannot establish either deficiency or prejudice to support his ineffective assistance of counsel claim. Moreover, based on the statements Peebles made during his sentencing and plea hearings the court finds that Peebles entered his guilty plea knowingly and voluntarily.

Because Peebles's *Alleyne* claim is procedurally defaulted, *Alleyne* does not apply to Peebles's case, Peebles's claim is untimely and does not warrant equitable tolling, and Peebles entered his guilty plea knowingly and voluntarily, the court finds that Peebles's 2255 motion lacks merit and is due to be denied.

## CONCLUSION

Having considered the foregoing, the court finds that Petitioner's Petition is due to be **DENIED**. The court shall so order by a separate order.

**DONE** and **ORDERED** this the 15th day of January 2014.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE